IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry R. Krukemyer,                      Case No. 3:10CV102

        Plaintiff

v.                                             ORDER

James S. Forcum, *et al.*,

        Defendants

This case arises from defendant David D. Jackson's adoption of plaintiff Terry R. Krukemyer's daughter in Indiana. Plaintiff, a resident of Ohio, brought suit against Jackson, a resident of Ohio, and James S. Forcum, an attorney resident in Indiana.

Pending is Forcum's motion to dismiss for failure to state a claim on which relief can be granted. [Doc. 9].[1]

For the reasons discussed below, Forcum's motion [Doc. 9] is granted.

---

[1] Jackson [Doc. 19] had also moved to dismiss and Forcum [Doc. 20] had filed a second motion to dismiss claiming want of diversity. In response, plaintiff filed a Rule 41 nonsuit as to Jackson, mooting those two motions and thereby curing the jurisdictional problem. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

**Background**

Plaintiff's biological child was born on April 2, 1994, in Bowling Green, Ohio. The mother, Jessica R. Jackson, did not inform plaintiff of the child's conception or birth.

Jessica Jackson married defendant Jackson in Hartford City, Indiana in 1996. In 1998, Jackson decided to adopt his wife's child.

Jackson retained Forcum, an Indiana attorney, to represent him in the step-parent adoption. Indiana adoption law requires publication of notice in the jurisdiction where the child was born if the child was born out of state and the name or address of the father is unknown. Ind. Code 31-19-4-3. Forcum published notice only in the Indiana county where the adoption took place.

Jessica Jackson ended her marriage with defendant Jackson in 2000, and she and her child moved back to Wood County, Ohio. Plaintiff established paternity by DNA testing in 2007. Plaintiff regained his parental rights through an Ohio step-parent adoption. He and Jessica Jackson are currently married.

Plaintiff asserts five claims against Forcum based on his representation of defendant Jackson during the adoption proceedings: 1) denial of due process pursuant to 42 U.S.C. § 1983; 2) legal malpractice; 3) alienation of affection; 4) fraud; and 5) intentional infliction of emotional distress.

**Standard of Review**

A claim survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,    U.S.   , 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 129 S.Ct. at 1949 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

Emotions run high in cases involving children and parental rights, and the briefing proves this case no exception. While I am mindful of the sensitive factual basis of plaintiff's claims, my duty is to apply the law. Plaintiff lost many formative years with his child, but his complaint fails to state a claim on which relief may be granted.

### I. Choice of Law

Jurisdiction in this case is premised on diversity of citizenship under 28 U.S.C. § 1332. A federal court sitting in diversity applies the substantive law, including choice of law rules, of the state in which it sits. *E.g.*, *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). I thus look to Ohio's choice of law rules to determine which state's law governs.

3

Ohio law presumes that the law of the place where injury occurred controls "unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St. 3d 339, 342 (1984).

To determine the state with the most significant relationship, I look at five factors: 1) "the place of the injury"; 2) "the place where the conduct causing the injury occurred"; 3) "the domicile, residence, nationality, place of incorporation, and place of business of the parties"; 4) "the place where the relationship between the parties, if any, is located"; and (5) "any other factors under Section 6 [of the Restatement] which the court may deem relevant to the litigation." *Morgan*, *supra*, 15 Ohio St. 3d at 342. "All of these factors are to be evaluated according to their relative importance to the case." *Id.*

The events giving rise to this suit—Forcum's failure to pursue publication in the county of plaintiff's last known address, and the resulting adoption, which is what adversely affected plaintiff's parental rights—occurred in Indiana. The lawyer-client relationship arose and existed in Indiana, and the mother, child and former adoptive father all resided in Indiana at the time. The plaintiff, moreover, did not reside in Ohio when the alleged failure to give notice occurred. Indiana has the more significant relationship to the case, and Indiana law therefore applies.

## II. Denial of Due Process

Plaintiff claims that Forcum, by failing to publish notice of the adoption proceeding in Wood County, Ohio, acted with actual knowledge and intent to deprive plaintiff of his right to due process under 42 U.S.C. § 1983.

Due process requirements apply only to governmental actors. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). The Fourteenth Amendment does not protect against "merely private conduct, however discriminatory or wrongful." *Id*.

While a litigant may act under color of law by pursuing litigation, the attorney for the litigant is not a state actor to whom liability can be assigned. *Jones v. Jones*, 410 F.2d 365 (7th Cir. 1969). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Forcum, a private lawyer, cannot be held liable for the alleged violation of due process. This count is therefore dismissed for failure to state a claim.

### III. Legal Malpractice

Plaintiff contends that Forcum breached his duty "to comply with all applicable law and to act within the applicable rules of ethics" by "ignor[ing] legal requirements to serve notice of an adoption case to an unnamed father in the jurisdiction where the child was born." [Doc. 1, at 4–5].

Under Indiana law, a plaintiff may recover against a professional "only if there is privity of contract or if the negligent professional had actual knowledge that the plaintiff would be affected by the representations made." *Querrey & Harrow, Ltd. v. Transcon. Ins. Co.*, 861 N.E.2d 719, 721 (Ind. Ct. App. 2007)(quoting *Keybank Nat'l Ass'n v. Shipley*, 846 N.E.2d 290, 297 (Ind. Ct. App. 2006)).

Indiana distinguishes between actual knowledge that a third party will be affected and the expectation that others may be affected by it. *Essex v. Ryan*, 446 N.E.2d 368 (Ind. Ct. App. 1983) (comparing *Ohmart v. Citizens Sav. and Trust Co.*, 145 N.E. 577 (Ind. Ct. App. 1924) with *Peyronnin Constr. v. Weiss*, 208 N.E.2d 489 (1965)). The law permits recovery only where the

professional has actual knowledge that a third party will be affected when services were specifically rendered for the use and benefit of the third party. *See Keybank*, *supra*, 846 N.E.2d at 297.

Indiana recognizes a single exception to the requirement of privity in attorney malpractice suits, allowing a beneficiary under a will to pursue a malpractice claim against the drafter. *Querry & Harrow*, *supra*, 861 N.E.2d at 721. Indiana courts have emphasized:

> [T]here are important public policy reasons to keep the privity requirement intact because when lawyers must be conce[r]ned about their potential liability to third parties, the resultant self-protective tendencies may deter vigorous representation of the client. Attention to third-party risk might cause the attorney improperly to consider personal interests or the desires of third parties above the client's interests. This would contravene the lawyer's duty of loyalty to the client.

*Id.* (internal citations omitted).

Plaintiff has not established that Forcum owed him a duty. Forcum did not represent plaintiff. He did not render the adoption services on behalf of plaintiff. Indiana law requires I therefore dismiss plaintiff's legal malpractice count for failure to state a claim.

### IV. Alienation of Affection

Plaintiff seeks recovery for alienation of affections, alleging that Forcum failed to publish notice of the adoption proceedings with the specific intent to deny plaintiff his father-child relationship. As Indiana Code § 34-12-2-1 unambiguously abolishes this cause of action, I dismiss this count for failure to state a claim.

### V. Fraud

Plaintiff claims that Forcum committed fraud by knowingly making materially false communications to the Indiana adoption court.

Under Indiana law, "[t]o maintain an action for fraud, there must be a material misrepresentation of past or existing fact made with knowledge of or reckless disregard for the

falsity of the statement; and the misrepresentation must be relied upon to the detriment of the relying party." *Adoptive Parents of M.L.V. and A.L.V. v. Wilkens*, 598 N.E.2d 1054, 1058 (Ind. 1992).

Forcum made no statement to the plaintiff, thus plaintiff can assert no cause of action for fraud. Plaintiff nevertheless asserts, without citation, that inaction constitutes fraud, and therefore Forcum's failure to publish notice in Wood County or to instruct Jessica Jackson to perform a diligent search for plaintiff was fraud. He appears to want to convert his claim to one for fraudulent misrepresentation by omission. Even so, the only party relying on this misrepresentation by omission was the court in Indiana, not the plaintiff. I dismiss this count for failure to state a claim.

## VI. Intentional Infliction of Emotional Distress

Plaintiff alleges that Forcum "acted with the specific intent to cause severe emotional distress [and] with reckless disregard," [Doc. 1, at 7], when he "deliberately failed to publish notice in the proper jurisdiction," [Doc. 21, at 14]. Plaintiff asserts that this conduct was "so extreme and outrageous as to go beyond all bounds of social decency" and was the proximate cause of his extreme emotional distress.

Under Indiana law, intentional infliction of emotional distress occurs when "defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). To sufficiently set forth a claim for intentional infliction of emotional distress, "a complaint must allege conduct that is so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Tucker v. Roman Catholic Diocese of Lafayette-In-Indiana*, 837 N.E.2d 596, 603 (Ind. Ct. App. 2005). "It is the intent to harm

one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind.1991).

Forcum argues that without some affirmative action, intentional infliction of emotional distress cannot be established under Indiana law. I need not address whether an omission constitutes conduct under Indiana law because I find plaintiff has not sufficiently alleged that the omission was extreme and outrageous.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, *supra*, 550 U.S. at 570. Plaintiff alleges that Forcum acted "with specific intent to cause severe emotional distress" and that his failure to publish notice of the adoption in Wood County, Ohio, was "so extreme and outrageous as to go beyond all bounds of social decency." These allegations are both speculative and implausible.

Plaintiff's general allegations set forth only that Forcum knew that Jessica Jackson had not told plaintiff about the child and that plaintiff's last known address was in Wood County, Ohio. While I must construe the complaint in the light most favorable to the plaintiff, these facts simply do not support the claim that the adoption attorney neglected to publish notice of the adoption with either the specific intent to harm plaintiff or extreme and outrageous reckless disregard for plaintiff's father-daughter relationship. This characterization of the facts amounts to "mere conclusory statements." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949.

Forcum failed to diligently follow Indiana adoption laws that may have allowed plaintiff to discover his child years earlier. But plaintiff cites no case in which the failure to publish notice, even in the context of adoption, is *per se* extreme and outrageous conduct for the purposes of an

intentional infliction of emotional distress claim. Indiana courts have been reserved in granting relief on claims of intentional infliction of emotional distress. *See Comfax Corp. v. N. Am. Van Lines, Inc.*, 587 N.E.2d 118, 127–28 (Ind. Ct. App. 1992). The Seventh Circuit cautioned that it is not the place of federal courts "to expand the tort of intentional infliction of emotional distress further than the Indiana courts have already done." *McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1167 (7th Cir. 1997). Plaintiff has not set forth facts sufficient to show that Forcum's conduct was extreme and outrageous. This count is dismissed for failure to state a claim.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Defendant James S. Forcum's motion to dismiss [Doc. 9] be, and the same hereby is granted;

2. Plaintiff Terry R. Krukemyer's motion to dismiss defendant David G. Jackson [Doc. 21] be, and the same hereby is granted;

3. Defendant David G. Jackson's motion to dismiss [Doc. 19] be, and the same hereby is, denied as moot;

4. Defendant James S. Forcum's motion to dismiss [Doc. 20] be, and the same hereby is, denied as moot.

So ordered.

s/James G. Carr
United States District Judge